**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CHARLES THOMPSON,                                                                    PETITIONER
ADC #800152-A

v.                                              5:14CV00068-BSM-JJV

RAY HOBBS, Director,                                                                RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District

Judge Brian S. Miller.   Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal basis

for the objection.  If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations.  The copy will be furnished to the

opposing party.  Failure to file timely objections may result in a waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a new hearing for this purpose before either the District

Judge or Magistrate Judge, you must, at the time you file your written objections, include the

following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      BACKGROUND

On May 13, 1998, in the Criminal Court of Shelby County, Tennessee, Petitioner, Charles Thompson, pled guilty to first-degree murder and was sentence to life imprisonment without parole.  (Doc. No. 10-1.)  In his Petition for Writ of Habeas Corpus filed February 25, 2014, Mr. Thompson seeks relief because he was transferred to Arkansas against his will, without due process, pursuant to an Interstate Compact Agreement. (Doc. No. 2.)[1] Arkansas Department of Correction (ADC) records indicate that Mr. Thompson was admitted to the

---

[1]Mr. Thompson initially named Deputy Warden C. Meinzer and Head Warden Watson as Respondents in his Petition. However, the proper  respondent is Ray Hobbs, Director of the Arkansas Department of Correction. The docket sheet has been corrected to reflect this change.

ADC Varner Unit on October 26, 2012. (Doc. No. 10-2.)

## II.    ANALYSIS

After a careful review of the  record, the Court concludes that Mr. Thompson is not

entitled to habeas relief.  The Court understands why Mr. Thompson would be upset and

believe his rights were violated.  But a prisoner has no constitutional right to placement in

a particular penal institution. In *Olim v. Wakinekona,* 461 U.S. 238 (1983), the United States

Supreme Court explained:

> Just as an inmate has no justifiable expectation that he will be incarcerated in
> any particular prison within a State, he has no justifiable expectation that he
> will be incarcerated in any particular State. Often, confinement in the inmate's
> home State will not be possible. A person convicted of a federal crime in a
> State without a federal correctional facility usually will serve his sentence in
> another State. Overcrowding and the need to separate particular prisoners may
> necessitate interstate transfers. For any number of reasons, a State may lack
> prison facilities capable of providing appropriate correctional programs for all
> offenders.
>
> Statutes and interstate agreements recognize that, from time to time, it is
> necessary to transfer inmates to prisons in other States. . . . On the state level,
> many States have statutes providing for the transfer of a state prisoner to a
> federal prison, e.g., Haw. Rev. Stat. § 353-18 (1976), or another State's prison,
> *e.g.*, Alaska Stat. Ann. § 33.30.100 (1982). Corrections compacts between
> States, implemented by statutes, authorize incarceration of a prisoner of one
> State in another State's prison. *See*, *e.g.*, Cal. Penal Code Ann. § 11189 (West
> 1982) (codifying Interstate Corrections Compact); § 11190 (codifying Western
> Interstate Corrections Compact); Conn. Gen. Stat. § 18-102 (1981) (codifying
> New England Interstate Corrections Compact); § 18-106 (codifying Interstate
> Corrections Compact); Haw. Rev. Stat. § 355-1 (1976) (codifying Western
> Interstate Corrections Compact); Idaho Code § 20-701 (1979) (codifying
> Interstate Corrections Compact); Ky. Rev. Stat. § 196.610 (1982) (same). And
> prison regulations such as Hawaii's Rule IV anticipate that inmates sometimes
> will be transferred to prisons in other States.
>
> In short, it is neither unreasonable nor unusual for an inmate to serve
> practically his entire sentence in a State other than the one in which he was

convicted and sentenced, or to be transferred to an out-of-state prison after serving a portion of his sentence in his home State.

*Id.* at 245-7.

So, as Respondent correctly argues, Mr. Thompson fails to state a claim for federal habeas relief under either 28 U.S.C. § 2241 or  28 U.S.C. § 2254 because he does not assert a recognized constitutional right that is entitled to protection under due process. (Doc. No. 4 at 5.) To state a due process claim, Mr. Thompson must have a legal entitlement, right or liberty interest protected under state or federal law. *See Rem v. United States Bureau of Prisons*, 320 F.3d 791, 794 (8th Cir. 2003).  Here, Mr. Thompson's claim does not implicate a constitutionally protected right that is subject to due process and his Petition should be dismissed.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Mr. Thompson's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice.

DATED this 21st day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE